**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Walter D. Robinson, et al., | ) | No. CV10-1044 PHX DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| City of Phoenix, et al., | ) | |
| Defendants. | ) | |

Defendants move for judgment on the pleadings and request attorneys' fees and costs. Doc. 12. Plaintiffs object. Doc. 19. The motions have been fully briefed. Docs. 12, 19, 22. For the reasons stated below, the Court will grant Defendants' motion for judgment on the pleadings in part and deny it in part, and deny the request for attorneys' fees and costs.

**I.    Background.**

The Plaintiffs in this case are Walter D. "Rob" Robinson and his wife, Lisa A. Robinson. The relevant facts as alleged by Mr. Robinson (Doc. 1-1) or as admitted by him in response to Defendant's motion (Doc. 19) are as follows.

Mr. Robinson was a long-time law enforcement officer with the Phoenix Police Department ("PPD"). He was due to retire from PPD by August 22, 2008. In January 2008, approximately seven months before his retirement, Mr. Robinson accepted the position of Program Manager with the Southwest Border High Intensity Drug Trafficking Area ("HIDTA"), a federally-funded program. Approximately three months later, in April 2008, Mr. Robinson was promoted to Acting Deputy Director of HIDTA. He was also allegedly

1 promised a permanent position as Deputy Director of HIDTA after he retired from PPD.

2 During his tenure as Acting Deputy Director, Mr. Robinson was allegedly the subject
3 of harassment and improper conduct from several HIDTA employees, as well as retaliatory
4 conduct from both HIDTA and PPD employees after he complained to HIDTA and PPD
5 superiors.  As part of the confluence of events, Mr. Robinson was accused of sexual
6 harassment by a HIDTA female employee, an accusation that was subsequently the subject
7 of an investigation by the City of Phoenix Professional Standards Bureau ("PSB").  The
8 investigation began "sometime in August" before Mr. Robinson retired from the PPD, and
9 continued after his retirement became effective. Doc. 1-1.  When the investigation began,
10 Mr. Robinson was provided with a Notice of Investigation, which stated the allegations
11 against him.  Doc. 1-1 at 15.

12 After his retirement from the PPD on August 22, 2008, Mr. Robinson did not become
13 Deputy Director of HIDTA nor, he alleges, was he considered for the position by HIDTA as
14 a result of the PSB investigation.  Moreover, Mr. Robinson's position as a PPD reserve
15 officer, which commenced upon his retirement from the PPD, was terminated less than three
16 weeks after it began.  The PSB's investigation ended sometime before April 9, 2009.  On
17 April 9, 2009, the PSB issued, as a public record, a written report containing findings and
18 recommendations ("PSB Report").  The report included allegations and statements unrelated
19 to the claims alleged against Mr. Robinson in the August 2008 Notice of Investigation.
20 Doc. 1-1 at 15.  Mr. Robinson claims the report has interfered with his ability to obtain a job.

21 At the beginning of 2009, Mr. Robinson filed suit in federal court in a case referred
22 to herein as "*Robinson I*," and served his first Notice of Claim on February 2, 2009.  The
23 First Amended Complaint in *Robinson I* had claims against the City of Phoenix for
24 retaliation, violation of civil rights, and punitive damages related to the conduct alleged in
25 the complaint.  This conduct included the investigation against Mr. Robinson.  On April 9,
26 2010, the court entered judgment on the pleadings.

27 On May 13, 2010, the Robinsons filed suit in Arizona state court ("*Robinson II*"),
28 naming as defendants the City of Phoenix, several Phoenix Police Department employees in

their official and individual capacities, and the latter individuals' spouses as John or Jane Doe defendants. Doc. 1-1. Defendants removed the case to this Court and now seek judgment on the pleadings under the doctrine of *res judicata*. Doc. 12. Defendants also seek attorneys' fees and costs. *Id*.

The complaint in this case contains five counts: (I) violation of civil rights, due process; (II) violation of 42 U.S.C. § 1983, abuse of process; (III) intentional interference with business relationships; (IV) gross negligence; and (V) defamation. Doc. 1-1 at 26-34. The PSB Report forms the basis of counts I and V, and the PSB investigation forms all or part of the bases of counts I, II, III, and IV. *Id*.

**II.    Motion for Judgment on the Pleadings.**

      **A.    Legal Standard for Rule 12(c).**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995). In deciding a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(c). The Court will decide this motion strictly on the pleadings.

      **B.    *Res judicata*.**

Even though *Robinson I* contained some state law claims, the federal rule for *res judicata* controls because *Robinson I* and *Robinson II* are not diversity cases; they are federal question cases with supplemental jurisdiction of some state law claims. Under the federal rule, *res judicata* bars litigation when there is "(1) an identity of claims, (2) a final judgment

on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).[1]

As a threshold matter, Plaintiff argues that it did not have the opportunity to litigate in the first trial because the court entered judgment on the pleadings. Defendant's motion asserting *res judicata* seeks to bar plaintiff's claims (i.e., claim preclusion), not the issues litigated. For purposes of claim preclusion, the relevant question is whether the claim was adjudicated on the merits, not whether it was actually litigated. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (1955); *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1531 (9th Cir. 1985); *see Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159-60 (9th Cir. 2002). "[J]udgment on the pleadings is a decision on the merits." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), *cert. denied*, 493 U.S. 1079 (1990). Moreover, Plaintiff does not dispute that the judgment was final. Accordingly, the relevant questions are whether there is identity of claims in the two suits and, if so, whether there is privity between the parties.

### 1. Identity of Claims.

Four factors are used to determine whether identity of claims exists in two suits: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). Of these, the

---

[1] Plaintiffs included in their response to Defendants' motion the Arizona standard for *res judicata*. Doc. 19 at 10. Although a federal court sitting in diversity must apply the *res judicata* doctrine of the state in which it sits, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001), this is not a diversity case – it is a case involving federal-question and supplemental jurisdiction.

- 4 -

1 most important factor is the first. *Costantini*, 681 F.2d at 1202.

2 "[W]hen two suits arise from the same transactional nucleus of facts," the second suit
3 is subject to *res judicata*. *Tahoe-Sierra*, 322 F.3d at 1078. Newly articulated claims that
4 could have been brought in the previously-litigated action can also be subject to *res judicata*.
5 *Id*. "Whether two events are part of the same transaction or series depends on whether they
6 are related to the same set of facts and whether they could conveniently be tried together."
7 *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

8 In this case, it is undisputed that PPD's investigation was a basis for at least some of
9 the *Robinson I* claims. Plaintiff argues, however, that after he filed the first notice of claim
10 in *Robinson I*, Defendants retaliated by "broaden[ing] the scope of the investigation" and
11 looking into matters that were not related to the original purpose of investigating the sexual
12 harassment claims against Defendant. Doc. 19 at 8. This does not negate the fact that the
13 conduct which the Plaintiff deemed objectionable in the first suit and in part of the second
14 was the investigation. The act of investigating, independent of its scope, formed a single
15 underlying "transaction." More importantly, the investigation ended one year or more before
16 *Robinson I* was decided on the pleadings.

17 Notwithstanding the above, the Court finds that issuance of the PSB Report is a
18 separate transaction from the investigation – at least under the facts as pled – and is not
19 barred by *res judicata*. Although the investigation and the report are related in time and
20 sequence, Plaintiff alleges that the report contained matters unrelated to the August 2008
21 Notice of Investigation. Doc. 1-1 at 15. Given this allegation, which the Court must accept
22 as true, it is possible that the report was a product of more than the investigation. Plaintiff
23 is entitled to discovery to make a more definite determination. Moreover, Defendants have
24 not argued in their motion that they were required by law to consolidate conclusions from
25 multiple investigations into a single report, or to issue the report as it appeared as a public
26 document. Defendants do not contend that the report formed a basis for a cause of action in
27 the previous case. And because issuance of the report must be treated as a separate
28 transaction in light of the allegations in the complaint, Plaintiff had no legal obligation to

1 bring claims related to it in the previous suit.

## 2. Privity Between Parties.

For the claims directly related to the investigation, the Court must determine whether there was privity between the parties. Privity may exist "[e]ven when the parties are not identical, . . . if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d at 1081. There is no privity dispute with respect to Defendant City of Phoenix – it was a defendant in the first suit. The question is whether Defendants Harris, Richards, Hoover, Doty, Tomory, Pina, and Parra were in privity with the City of Phoenix in the prior suit.

In his present complaint, Plaintiff alleges that "Defendants Pina, Richards, Hoover, Tomory, Doty and Parra were all directly involved in the PSB investigation," and that the investigation was performed "under color of state law." Doc. 1-1 at 9, 30:22-23. Plaintiff also alleges that the PSB investigation was initiated by Defendant Harris, and that the City of Phoenix is vicariously liable for Harris's conduct. *Id.* at 8, 28. In fact, all of these defendants are alleged to have been employed by the City. Doc. 1-1. These facts suggest a commonality of interest between the City and these Defendants. *See Saudi Arabia v. Nelson*, 507 U.S. 349, 376 (1993) (judgment in an action against either party to a vicarious liability relationship establishes preclusion in favor of the other) (citing 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4463, p. 567 (1981)). Additionally, Plaintiff alleges that the Defendants conspired against him. Doc. 1-1 at 30. Conspiracy has been deemed a ground for privity in other contexts. *See White v. Abrams*, 495 F.2d 724, 733 (9th Cir. 1974), *abrogated on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The Court concludes that there was privity between the City of Phoenix and the other Defendants.

## 3. Conclusion.

For the reasons stated above, the claims in counts I, II, III, and IV that are rooted in the investigation are barred by *res judicata*. The remaining claims, including claims in Count V, are not barred at this time.

**III.     Request for Attorneys' Fees and Costs.**

Because Plaintiffs' § 1983 claim is rooted in part in the PSB Report, it cannot be deemed "unreasonable, frivolous, meritless, or vexatious." *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994), *cert. denied*, 513 U.S. 1000 (1994). Accordingly, Defendants' request for attorneys' fees and costs is denied.

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings and attorneys' fees and costs (Doc. 12) is **denied in part** and **granted in part** as stated herein.

DATED this 15th day of October, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge